Filed 5/24/24  P. v. Boyd CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ASHIRON BOYD,<br><br>Defendant and Appellant. | C098770<br><br>(Super. Ct. No. STKCRFE20190001382) |

A jury found defendant Ashiron Boyd guilty of voluntary manslaughter and assault with a deadly weapon.  It also found true a great bodily injury enhancement allegation.  The trial court sentenced defendant to the upper term for voluntary manslaughter and imposed but stayed sentences for the assault and enhancement.  This court affirmed the convictions but remanded for resentencing in light of amendments to Penal Code section 1170[1] limiting the trial court's discretion to impose an upper term sentence.  (*People v. Boyd* (Nov. 3, 2022, C093382) [nonpub. opn.] (Boyd).)

---

[1] Undesignated statutory references are to the Penal Code.

1

At the resentencing, the trial court imposed the middle term of six years for voluntary manslaughter, imposed but stayed a middle term of three years for assault with a deadly weapon, and imposed but stayed sentence for the great bodily injury enhancement.

Defendant now contends the trial court did not properly weigh the mitigating factors and the low term was the presumptive term. Finding no error or abuse of discretion, we will affirm the judgment.

## APPLICABLE LAW

As amended by chapter 731 of the Statutes of 2021, and as relevant here, section 1170, subdivision (b) provides that when a statute specifies three possible terms, the trial court shall in its discretion order a sentence not to exceed the middle term. But unless the court finds that aggravating circumstances outweigh mitigating circumstances such that imposition of the lower term would be contrary to the interests of justice, the court shall impose the lower term if the person experienced psychological, physical, or childhood trauma, or the person was a youth at the time of the offense. (§§ 1170, subd. (b).)

## BACKGROUND

In January 2019, defendant and Frank Baker were without permanent housing and were preparing to spend the night in front of a building in Stockton when Baker suddenly swung a pipe at defendant. The men struggled for the pipe and fell to the ground. According to defendant, Baker said he wanted to kill him. Fearing for his life, defendant hit and kicked Baker in the head. Baker lay motionless on the ground.

Defendant walked away from Baker, but then returned to where Baker lay motionless and hit him six times in the head with the pipe. When police officers arrived, Baker had brain matter extruding from his head. Baker subsequently died.

2

A jury found defendant guilty of voluntary manslaughter (§ 192, subd. (a)) and assault with a deadly weapon (§ 245, subd. (a)(1)).  It found true a great bodily injury enhancement allegation.  (§ 12022.7, subd. (a).)

According to the probation report, defendant said he had been sexually abused in foster care, but he did not provide any other information.  At sentencing, the trial court acknowledged that defendant did not have a prior criminal record and that Baker was the initial aggressor.  However, because defendant returned to Baker after Baker was incapacitated and hit him six times with the pipe, the trial court concluded an upper term sentence was appropriate.

This court affirmed the convictions but remanded for resentencing based on changes in the law.  (*Boyd, supra*, C093382.)  Amendments to section 1170 limited trial court discretion to impose the upper term.  (See Senate Bill No. 567 (2021-2022 Reg. Sess.).)  The lower term was the presumptive term if certain mitigating circumstances were contributing factors in the commission of the crime.  (§ 1170, subd. (b)(6).) This court noted that defendant was under 26 years of age at the time of the offense and that he may have experienced psychological, physical, or childhood trauma.  (§ 1170, subd. (b)(6)(A) & (B).)  (*Boyd, supra*, C093382.)

At resentencing, defense counsel said defendant was 25 years old at the time of the crime and that he had experienced abuse as a child and also while he was without permanent housing.  The trial court considered that defendant was under 26 years of age at the time of the offense, and that he may have experienced psychological, physical, or childhood trauma.  But it noted the presumptive low term did not apply absent evidence those circumstances were contributing factors in the commission of the crime.  The trial court found insufficient evidence that would make a presumptive low term applicable. On the other hand, the trial court explained that the homicide was brutal:  defendant literally beat the victim's brains out.  Based on the totality of the circumstances, the trial court imposed the middle term of six years for the voluntary manslaughter, imposed but

3

stayed the middle term of three years for the assault, and imposed but stayed a three-year term for the great bodily injury enhancement.

DISCUSSION

Defendant contends the trial court did not properly weigh the mitigating factors, and the low term was the presumptive term. Specifically, defendant argues the trial court's analysis of whether youth was a factor in the commission of the crime was inadequate, and it did not sufficiently consider his childhood trauma.

Defendant cites *People v. Frederickson* (2023) 90 Cal.App.5th 984 for the proposition that asserting his youth and childhood trauma in the trial court was sufficient to trigger the presumption in favor of the lower term. But the court in *Frederickson* explained that in order to trigger the presumption, there must be some initial *showing* that the defendant's youth or childhood trauma was a contributing factor. (*Id*. at p. 992.)

Although the probation report and defense counsel's statements were sufficient to raise the issue, the trial court found the requisite connection lacking. The trial court's determination on this point is "a quintessential factfinding process" subject to review for substantial evidence. (*People v. Oneal* (2021) 64 Cal.App.5th 581, 589.) In conducting that review, we do not reweigh the evidence: it is the exclusive function of the trier of fact to draw reasonable inferences from the evidence. (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1086; *People v. Whitmore* (2022) 80 Cal.App.5th 116, 129.) We also view the evidence in the light most favorable to the People and presume the existence of every fact the trier of fact could reasonably deduce from the evidence. (*People v. Jones* (1990) 51 Cal.3d 294, 314.) "If there is more than one inference which may reasonably be drawn from the evidence, we accept the inference which supports the [trier of fact's finding]." (*People v. Davis* (2005) 126 Cal.App.4th 1416, 1437.)

The trial court considered defendant's youth and the possibility that he had experienced abuse, but it found insufficient evidence that those circumstances were

4

contributing factors in the commission of the crime.  On this record, we find no error or abuse of discretion.

DISPOSITION

The judgment is affirmed.


_____/S/_____
MAURO, J.

We concur:


_____/S/_____
HULL, Acting P. J.


_____/S/_____
ROBIE, J.

5